## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Environmental Division Unit | ENVIRONMENTAL DIVISION<br>Docket No. 9-2-17 Vtec |

Town of Derby,
     Plaintiff

     v.

Paul Therrien,
Alyssa Coburn,
     Defendants

### JUDGMENT ORDER

This enforcement action came on for a merits hearing on April 26, 2018, which was held at the Civil Division of the Orleans County Superior Court in Newport, Vermont. Immediately prior to the merits hearing, the Court conducted a site visit at the property of Respondents Paul Therrien and Alyssa Coburn ("Respondents"), located at 2804 Beebe Road in the Town of Derby, Vermont.

The Town of Derby ("Town") complains that Respondents were maintaining a junkyard on their property without the necessary permit, in violation of the Town of Derby Zoning Regulations ("Regulations"). See Regulations § 402.4. The Town Zoning Administrator advised Respondents of this alleged violation of the Regulations by certified letter dated October 2, 2016. When Respondents failed to timely respond or appeal the notice of alleged zoning violation, the Town filed its complaint with this Court on February 1, 2017.

Respondents then negotiated with the Town officials, resulting in a Stipulation that was filed with the Court on June 27, 2017. The parties' Stipulation provided that the enforcement action would be continued until January 1, 2018, so that Respondents could remove the materials from their yard that gave rise to the Town's junk yard claim. The parties also agreed that some of the vehicles that were on Respondents' property could remain, provided that Respondents registered the remaining vehicles.

The parties further noted in their Stipulation that if Respondents completed the removal and registrations, that the only matter remaining for the Court's consideration would be the amount of any penalty to be imposed upon Respondents.

At trial, there was some dispute as to whether Respondents had completed the required tasks by January 1, 2018. However, the Town agreed that by the time of trial, Respondents had completed all necessary work and registrations, such that Respondents had cured all claimed zoning violations. The Town and the Court thanked Respondents for their efforts in this regard.

In response to Respondents' efforts, the Town limited its penalty recommendation to the reimbursement of attorneys' fees and expenses incurred in prosecuting Respondents for their zoning violations; the Town provided credible testimony that its fees and expenses through trial totaled about $3,200.00.

Respondents did not dispute the Town's calculation of the fees and expenses incurred. Rather, Respondents expressed their hope that, because of their efforts to remove the offending material from their yard and to register the vehicles they wished to keep in their yard, they would not face any penalties. Respondents also asserted that their efforts had depleted their available cash and that they did not have the funds to pay the penalties that the Town requested.

Based upon the evidence and arguments presented and taking into consideration the aggravating and mitigating factors found in the administrative penalties provision of the Uniform Environmental Enforcement Act (10 V.S.A. § 8010(b)), the Court concluded that a penalty of $2,200.00 was warranted, given the circumstances.

Therefore, the Court grants, in part, the Town's request and does hereby Order Respondents Paul Therrien and Alyssa Coburn, jointly and severally, to pay to the Town of Derby the sum of $2,200.00 as partial reimbursement of the attorneys' fees and expenses incurred in prosecuting Respondents for the stated zoning violations.

This completes the current proceedings before this Court.


Electronically signed on May 10, 2018 at Montpelier, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division